MEMORANDUM **
Yus Putra, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture *825 (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence factual findings, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.
Substantial evidence supports the agency’s finding that Putra’s experiences did not rise to the level of past persecution, see Nagoulko, 333 F.3d at 1016-18; see also Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003), and that the government is not unable or unwilling to control the perpetrators of the harm that Putra fears in the future, see Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc); Castro-Perez v. Gonzales, 409 F.3d 1069, 1071-72 (9th Cir.2005). Moreover, even if Putra were a member of a disfavored group under the analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004), he did not demonstrate the requisite individualized risk of persecution. See Lolong, 484 F.3d at 1180-81. Because we address the asylum claim on the merits, we do not reach the agency’s alternative conclusion that the asylum application was untimely.
Because Putra failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
Putra does not raise any arguments in his opening brief regarding the denial of CAT relief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (discussing waiver).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.